## GIOVANELLO v CUDDY et

Ohio Appeals, 7th Dist, Mahoning Co

No 2445. Decided Dec 30, 1938

D. W. Mumaw, Youngstown, for Plaintiff-Appelle.

D. F. Rendinell, Youngstown, for Defendants-Appellants.

## OPINION

By CARTER, J.

This cause is before this court on appeal on questions of law. The operative facts are substantially as follows:

On the 22nd day of November, 1928, James B. Cuddy, unmarried, executed and delivered to Peter Giovanello a certain promissory note for $3550.00 payable in monthly installments of not less than fifty dollars, and interest thereon, and to secure same executed and delivered at the same time a mortgage to secure same, upon the following real estate: Situated in the city of Youngstown, Mahoning County, and known as being city in-lots Nos. 29194-29195, forming a parcel of land fronting 81 feet on the westerly side of Mahoning Avenue, with

a depth of 150 feet. This mortgage was duly executed and filed for record Nov. 26, 1928. Subsequent to the execution, delivery and recording of this mortgage, a re-plat was made of this parcel of land, and the same was divided into 7 lots which are now numbered 29194, 29195, 54833, 54834, 54836, 54837, 54835.

On July 6, 1934, a petition in foreclosure was filed by Jospeh Giovanello, as Executor of the estate of Peter Giovanello on the mortgage given by Cuddy to Peter Giovanello to secure the note to which reference has been heretofore made, twenty-two defendants being named therein. Nine of the defendants entered their appearance voluntarily. The other defendants were served, as provided by law. Some of these defendants filed answers and cross petitions. The court found that all were in court either through direct service of summons, by voluntary appearances or by publication in accordance with law, proceeded to make disposition of the case, that the allegations of plaintiff's petition were true, made a finding that there was due plaintiff from defendant, James B. Cuddy, $2531.35, and interest, which is a good, valid and first lien upon the premises described in the petition, to-wit, lots numbered 29195, 54833, 54834, 54835. 54836, 54837, lot No. 29194 having been released from the mortgage by Peter Giovanello in his life time. The court made further findings as to various liens claimed by some of the defendants in their cross petition, ordered these amounts to be paid within three days or order of sale issue, the proceeds to be held by the sheriff until the court determined the priority of liens of the various cross petitioners. These amounts not having been paid as ordered, an order of sale was, on August 22nd, 1936, issued. The lands were appraised as follows: Lots Nos. 29195 and 54833 at $450.00 each, lots Nos. 54834, 54835, 54836, 54837, at $350.00 each. This land appraisal was filed on September 3, 1936.

On October 9, 1936, a motion and petition of Guiseppe Sergi was filed. Also on the same date a motion and petition of Dominic DiCiuccio and Rose DiCiuccio filed. Also a motion and petition of Sebastino Spadaro filed. On October 10, 1936, the order of sale was returned and filed, endorsed, "In obedience to its command I did on the 8th day of October, 1936, sell to Joseph' Giovanello, Executor of the Estate of Peter Giovanello, lots Nos. 29195 and 54833 for $600.00, and to Joseph Giovanello, Exr. lots 54834, 54835, 54836, 54837, for $1200.00, being more than two-thirds of the appraised value, signed Ralph B Elser, Sheriff, by W. A. Wingert, Deputy Sheriff."

On October 19, 1936, a motion and petition was also filed by defendant Santo Sparacino. Guiseppe Sergi, in his motion and petition, moved the court for an order setting aside the sale of lots numbers 54836 and 54837, and vacate all the orders, judgments and decrees affecting him and his property, and for leave to file answer, for the reasons that he purchased said lots from James B. Cuddy for $1700.00 each, which he has paid in full and received warranty deeds therefore, free and clear from all incumbrances, that the obligation set forth in plaintiff's petition, upon which judgment was obtained, was paid in full, that plaintiff's decedent's mortgage upon said premises was allowed to remain unsatisfied upon the records by collusion and fraud between Cuddy and plaintiff's decedent, that although the lots were advertised as having been appraised for $375.00 each, they were appraised at $350.00 each by the appraisers, that all the appraisers were not freeholders of Mahoning County, that the sheriff in the sale of the lots refused at his request to sell the same separately or together. but sold his two lots together with two other lots in which he was not interested, and thus was prevented from protecting his investment made in the lots.

The motion and petition of Dominico DiCiuccio was of similar import, having reference to lot No. 29195, and further that he did not receive any notice of the pendency of the petition of plaintiff, nor did he receive any letter from the clerk of courts.

The motion and petition of Sebastino Spadaro was of the same tenor as that of DiCiuccio, having reference, however, to lot No. 54833.

The motion and petition of Santo Sparacino was of the same import, however referring to lot No. 54834.

The issues thus raised on the hearing to the court, and after submission of considerable evidence the court made the following finding, that all the parties were in court and represented by counsel, that the motions and petitions filed by Sergi, DiCiuccio, Spadaro and Sparacino should be sustained insofar as the same relate to the manner of sale of the premises herein, that separate sales of each lot should be made; that the motions and petitions of these parties upon whom service of summons by publication had been had for leave to file answers and refused; that a new order of sale issue, that the lots sold herein should be sold separately.

Appeal is prosecuted to this court from the action of the trial court in refusing to vacate and set aside all orders, judgments and decrees, and to file answers on behalf of Sergi, DiCiuccio, Spadaro and Sparacino. This action on the part of Sergi, DiCiuccio, Spadoro and Sparacino is prosecuted under the provision of §11631 GC et seq, wherein by motion and petition they are seeking vacation of judgments rendered on service by publication. §11632 GC provides when motions and petitions were filed at subsequent term in which these judgments were rendered, service upon all the petitioners was had by publication, save and except Sergi, who was served by leaving a summons at his usual place of residence. Therefore, Sergi had knowledge of the proceeding in which judgment in foreclosure was rendered.

Was the court in error in refusing to set aside the judgment of foreclosure and thereby refusing petitioners the right to file their answers to the petition in foreclosure, on the ground that the finding of the court in this regard is manifestly against the weight of the evidence or that the judgment and finding is contrary.

Considerable testimony was introduced in this hearing to vacate the former judgment. §11632 GC provides, in part, that it must be made to appear to the satisfaction of the court that during the pendency of the action the party seeking vacation had no actual notice thereof in time to appear and make defense.

Sparacino, DiCiuccio and Sparado testify they had no knowledge of the mortgage. Neither did they have actual knowledge of the foreclosure proceeding. Certain letters were admitted which tend to show that these parties had knowledge of the mortgage but also of the foreclosure proceedings. On July 13, 1934, Sparacino answered a letter to Mr. Munlaw, attorney for the plaintiff in the foreclosure proceeding. In this letter he refers to the Mumaw letter, dated July 7th. This letter written by Mr. Mumaw bore date apparently of July 7th, and the petition to foreclose was filed July 6th. The Mumaw letter refers to an enclosed waiver in the suit filed, also a letter written by Sparacino in 1932 about this mortgage. There can be no question that Sparacino had knowledge of what was being done and had knowledge of this mortgage.

Now, as to DiCiuccio, on July 6th, 1934— this was the date of the filing of the foreclosure,—Mr. Mumaw wrote a letter to DiCiuccio, enclosing a waiver of service of summons and notified him in the letter of the pending foreclosure suit. On July 11th,

1934, DiCuccio answered the Mumaw letter and mentioned the mortgage in this letter. On July 13th a reply was by Mumaw sent to DiCiuccio, which was not returned to the writer. There can be no doubt but that DiCiuccio had knowledge of the mortgage and foreclosure proceeding.

Now, as to Spadaro, a similar letter as was sent to Sparacino and DiCiuccio was also sent to Spadaro, enclosing waiver of service of summons. We find no answer in the way of a letter to the letter written to Spadaro.

A similar letter enclosing a waiver was also sent to Rose DiCiuccio.

Now, with this evidence before the court, together with other evidence bearing on the question, the court refused to vacate the foreclosure judgment and refused these parties the right to file answers. We cannot say the court was in error in so finding, or that the trial court's finding was against the manifest weight of the evidence. Sergi had knowledge of the foreclosure proceeding, and under the evidence in the case the court could properly find the other petitioners had notice of this foreclosure proceeding, and had knowledge for sufficient time to have availed themselves of any claimed fraud in connection with these transactions. They had an opportunity to defend and failed to do so. The court was not in error in this regard; neither did the court abuse its discretion in so holding.

The court did order the sale of these properties to be set aside and ordered them to be sold separately. However, there is no appeal prosecuted by either or any of the parties to this action of the court. Judgment affirmed.

NICHOLS and BENNETT, JJ, concur in judgment.